UNITED STATES DISTRICT COURT
for the
District of Massachusetts

FILED
Clerk's Office
USDC, Mass.
Date_____7-7-26
By_____
Deputy Clerk

| | |
|---|---|
| CASSANDRA RHODES, Individually; | ) |
| M.R., An Incapacitated Adult, | ) |
| By and through her Next Friend, | ) |
| CASSANDRA RHODES, and | ) |
| A.V., A Minor Child, | ) |
| By and through her Parent and Next Friend, | ) |
| CASSANDRA RHODES, | ) |
| Plaintiffs, | ) |
| v. | ) |
| TOWN OF SANDWICH; HEATHER HOUSKA, | ) |
| In her individual and official capacities; and | ) |
| ASSISTANT DISTRICT ATTORNEYS COURTNEY SCALISE | ) |
| AND EMILY NESSON CARDIA, | ) |
| In their individual and official capacities, | ) |
| Defendants. | ) |

**VERIFIED COMPLAINT FOR VIOLATIONS OF CIVIL RIGHTS PURSUANT TO 42**

**U.S.C. §§ 1983, 1985 AND TITLE II OF THE AMERICANS WITH DISABILITIES ACT**

**(JURY DEMANDED)**

Plaintiffs Cassandra Rhodes, individually and as parent and next friend of her severely disabled children, M.R. and A.V. (collectively, "Plaintiffs"), bring this Verified Complaint against the Town of Sandwich, Police Officer Heather Houska, and Assistant District Attorneys Courtney Scalise and Emily Nesson Cardia. Plaintiffs allege as follows:

1

# I. INTRODUCTION

1. This is a civil rights action brought under 42 U.S.C. §§ 1983 and 1985, and Title II of the Americans with Disabilities Act (ADA).

2. Plaintiffs are non-party citizens—merely a grand jury witness and her dependents.

3. Over 21 months, Defendants engaged in a bad-faith conspiracy under color of law to terrorize, stalk, and unconstitutionally coerce this family.

4. Defendants seek to protect a structurally corrupted state criminal indictment through witness intimidation.

5. This action seeks an immediate permanent injunction, declaratory relief, and damages to shield this vulnerable family from unlawful, bad-faith state reprisal.

# II. JURISDICTION AND VENUE

6. This Court has subject-matter jurisdiction under 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1343(a)(3)-(4) (civil rights), and 42 U.S.C. § 12133 (ADA).

7. This Court has supplemental jurisdiction over all related state-law claims under 28 U.S.C. § 1367.

8. Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims occurred within the District of Massachusetts.

# III. PARTIES

9. Plaintiff Cassandra Rhodes is an adult citizen residing at 13 Quail Hollow Circle, Sandwich, Massachusetts.

10. Plaintiff M.R. is an incapacitated 18-year-old adult suffering from severe Autism and Dissociative Identity Disorder (DID). She is the daughter of Cassandra Rhodes.

11. Plaintiff A.V. is a disabled minor child of Cassandra Rhodes.

12. Defendant Town of Sandwich is a municipal corporation in Barnstable County, Massachusetts, operating the Sandwich Police Department.

13. Defendant Heather Houska was at all relevant times a police officer employed by the Town of Sandwich. She is sued in her individual and official capacities.

14. Defendant Courtney Scalise was at all relevant times an Assistant District Attorney for Barnstable County. She is sued in her individual and official capacities.

15. Defendant Emily Nesson Cardia was at all relevant times an Assistant District Attorney for Barnstable County. She is sued in her individual and official capacities.

## IV. STATEMENT OF FACTS

16. Plaintiffs are a mother and her two children, both of whom suffer from documented mental illness and developmental disabilities.

17. Approximately one month prior to grand jury proceedings, Defendant Officer Houska entered Plaintiffs' private property under a fraudulent "wellness check" pretext.

18. Defendant Houska used intimidation in an attempt to compel Plaintiff Cassandra Rhodes to make false and self-incriminating statements.

19. Defendant Houska willfully ignored two subsequent "cease and desist" letters from the family's counsel.

20. On December 13, 2024, Defendant ADA Courtney Scalise and Defendant Houska physically confronted Plaintiff Cassandra Rhodes in a courthouse hallway.

21. When Plaintiff Cassandra Rhodes refused to enter a private room without counsel, Defendant Scalise aggressively slammed heavy files six inches from her head to force submission.

3

22. Defendant Scalise then permitted Defendant Houska to stand five feet away from Plaintiff Cassandra Rhodes inside the secret grand jury room to glare at and terrorize her for 50 minutes.

23. Certified grand jury transcripts show Defendant Scalise knowingly suppressed an official Department of Children and Families (DCF) report that completely exonerated the criminal defendant.

24. When Plaintiff Cassandra Rhodes attempted to testify regarding M.R.'s mental illnesses, Defendant Scalise yelled at her in front of the grand jury and stormed out, structurally abandoning the room.

25. Defendant Scalise explicitly lied to grand jurors, claiming a 763-page exhibit contained no listings of mental illness for M.R., despite entries documenting Autism, DID, and severe hallucinations.

26. Following ADA Scalise's silent removal in February 2025, Defendant ADA Cardia assumed the prosecution and escalated the misconduct.

27. Defendant Cardia knowingly made perjuriously false statements to a Superior Court judge and a Probate Court judge regarding M.R.'s medical history.

28. To bypass a court-ordered 30-day stay, Defendant Cardia falsely claimed to a Probate Judge that a Superior Court judge requested access to a restricted Guardian Ad Litem (GAL) report. This fraud tainted the court's neutrality.

29. On April 11, 2025, Defendant Cardia made highly derogatory, false, and slanderous statements regarding M.R.'s sexual orientation during a recorded sidebar.

30. Defendant Cardia threatened to violate Plaintiffs' Fifth Amendment protections against self-incrimination under threat of state court contempt.

4

31. On July 22, 2025, Defendant Cardia bypassed the *Commonwealth v. Dwyer* protocol and standing judicial orders by calling the children's treating psychotherapist. She explicitly instructed the therapist to ignore a legal subpoena and ship M.R.'s confidential records directly to the DA's office.

32. Defendants have engaged in systemic administrative stagnation, keeping the state docket frozen as a tactical weapon to exhaust the family's resources.

33. A mandatory state court deadline on Friday, July 10, 2026, will publicly lay bare these certified facts of perjury, fraud, and intimidation.

34. Based on a 21-month pattern, this imminent public disclosure creates a certain flashpoint for severe law enforcement reprisal, bad-faith property invasions, or retaliatory family separation maneuvers.

## V. CAUSES OF ACTION

### COUNT I: First Amendment Retaliation (42 U.S.C. § 1983)

*(Against All Individual Defendants)*

35. Plaintiffs re-allege and incorporate all prior paragraphs

36. At all relevant times, the individual Defendants acted under color of state law.

37. Plaintiffs engaged in protected First Amendment activity by resisting unlawful interrogation, retaining counsel, and filing formal ethical complaints.

38. Defendants took adverse, hostile actions designed to chill a person of ordinary firmness from exercising their constitutional rights.

39. Defendants' retaliatory acts directly and proximately caused Plaintiffs severe psychological trauma, PTSD, and legal jeopardy.

5

**COUNT II: Unreasonable Search and Seizure / Violation of Due Process (42 U.S.C. § 1983)**

*(Against Defendants Houska, Courtney Scalise, and Cardia)*

40. Plaintiffs re-allege and incorporate all prior paragraphs.

41. Defendants used color of law to execute bad-faith residential invasions, courthouse hallway physical assaults, and extrajudicial seizures of privileged medical records.

42. These arbitrary, oppressive actions shock the conscience and violate Plaintiffs' rights under the Fourth and Fourteenth Amendments.

**COUNT III: Civil Rights Conspiracy (42 U.S.C. § 1985(3))**

*(Against All Individual Defendants)*

43. Plaintiffs re-allege and incorporate all prior paragraphs.

44. Defendants conspired, coordinated, and agreed among themselves to suppress exonerating evidence, falsify judicial representations, and breach internal confidences to alert bad-faith actors of ethics complaints.

45. The purpose of this conspiracy was to deprive a vulnerable, disabled class of citizens of the equal protection of the laws.

**COUNT IV: Discrimination and Harassment Under Title II of the ADA (42 U.S.C. § 12131)**

*(Against Defendant Town of Sandwich)*

46. Plaintiffs re-allege and incorporate all prior paragraphs.

47. Plaintiffs M.R. and A.V. are qualified individuals with severe, documented mental and cognitive disabilities.

48. The Town of Sandwich, through its police department, intentionally exploited, harassed, and targeted these minor and incapacitated adult plaintiffs on the basis of their

6

disabilities.

49. Under 28 C.F.R. § 35.134, it is a distinct federal violation to coerce, intimidate, or threaten individuals enjoying ADA-protected rights. The Town is directly liable for this discriminatory institutional conduct.

## COUNT V: Monell Municipal Liability (42 U.S.C. § 1983)

*(Against Defendant Town of Sandwich)*

49. Plaintiffs re-allege and incorporate all prior paragraphs.

50. The Town of Sandwich maintained an official policy, custom, or widespread practice of permitting its law enforcement officers to conduct bad-faith, coercive "wellness checks" to intimidate witnesses.

51. The Town failed to properly train, supervise, or discipline Defendant Officer Houska after receiving multiple formal "cease and desist" letters regarding witness harassment.

52. This deliberate indifference by municipal policymakers directly and proximately caused the violation of Plaintiffs' federal constitutional rights.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment in their favor and against Defendants, granting the following relief:

A. Issue an Emergency Ex Parte Temporary Restraining Order and Preliminary Injunction enjoining all Defendants and their agents from entering Plaintiffs' property, executing pretextual wellness checks, issuing retaliatory state-court subpoenas, or attempting to access privileged medical files;

B. Enter a Declaratory Judgment that Defendants' acts violated the First, Fourth, and Fourteenth Amendments, and Title II of the ADA;

7

C. Order an immediate protective, un-rescindable seal over all medical records and DCF summaries submitted in this matter;

D. Award Plaintiffs compensatory, general, and punitive damages against the individual Defendants in an amount to be determined at trial;

E. Request appointment of pro bono counsel to represent Plaintiffs in this action pursuant to the District of Massachusetts Pro Bono Plan and Local Rules; and

F. Grant such other relief as this Court deems just and proper.

## JURY DEMAND

Plaintiffs hereby demand a trial by jury on all issues so triable.

Dated: July 7, 2026

Plaintiffs hereby demand a trial by jury on all issues so triable.

Dated: July 7, 2026

Respectfully submitted,

By: _____

**Cassandra Rhodes, Pro Se**

13 Quail Hollow Circle

Sandwich, MA 02563

508-514-9943 | Cjrhodes200@gmail.com

## PLAINTIFFS' VERIFICATION AFFIDAVIT

I, Cassandra Rhodes, hereby state under the pains and penalties of perjury that I am a Plaintiff in the above-captioned matter, that I have read the foregoing Verified Complaint, and that the facts stated therein are true and accurate to the best of my personal knowledge, information, and belief.

Signed: _____ Date: July 7, 2026

Cassandra Rhodes